70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deron Raefus COX, Defendant-Appellant.
 No. 95-5440.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: WELLFORD, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Deron Raefus Cox appeals his judgment of conviction and sentence following his guilty plea to one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. Sec. 841(b)(1)(C). The district court sentenced Cox to 47 months of imprisonment and five years of supervised release and imposed a $50 special assessment. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Cox argues that: 1) the government violated the terms of the plea agreement by arguing for a sentence enhancement, and 2) the district court should have sentenced Cox pursuant to the provisions of 18 U.S.C. Sec. 3553(f) and USSG Sec. 5C1.2.
 
 
 3
 Initially, we note that Cox waived his right to challenge his sentence in the plea agreement. United States v. Allison, 59 F.3d 43, 46 (6th Cir.1995); United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.), cert. denied, 116 S.Ct. 166 (1995). Nonetheless, we conclude that Cox's arguments are without merit. The terms of the plea agreement do not restrict the government from arguing in favor of a sentence enhancement for Cox under USSG Sec. 3C1.2 and it is well established that conduct underlying a dismissed count of the indictment may be used in determining a defendant's offense level under the Sentencing Guidelines. See United States v. Partington, 21 F.3d 714, 717 (6th Cir.1994). Further, the provisions of 18 U.S.C. Sec. 3553(f) and USSG Sec. 5C1.2 are not applicable to Cox because he was not subject to a mandatory minimum sentence.
 
 
 4
 Accordingly, we affirm the district court's judgment.